UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND
CIVIL ACTION NO.: 05-28-DLB

CARL MCCONNELL, et al.,                                                  PLAINTIFFS,

V.

E.I. DUPONT DE NEMOURS AND CO.,                                DEFENDANT.


MEMORANDUM ORDER

On June 27, 2006, the court granted in part defendant's motion for sanctions against certain plaintiffs in this action, based upon those plaintiffs' failure to timely respond to defendant's written discovery requests and failure to comply with the order of this court dated March 8, 2006.[1] Defendant's motion initially sought dismissal of seven plaintiffs- Erik Brown, John Burdette, Kara Keibler, James Staley, Rick Maynard, Ernest "Steve" Peters, and Donald Wireman.  Keibler and Wireman had been served with defendant's discovery requests on July 29, 2005;  John Burdette and Ernest "Steve" Peters had been served on August 29, 2005; and Erik Brown and Rick Maynard had been served on December 14, 2005.

Plaintiff John Burdette filed a response to defendant's motion, arguing that he should not be subjected to dismissal because a serious health condition had prevented him from complying with the court's deadline to complete his discovery responses.  Unsigned responses were served on April 24 and a signed copy was served on April 27, 2006.   In reply, defendant continued to argue for dismissal

---

[1]At the conclusion of a status conference held on March 8, 2006, the court directed all plaintiffs to respond to all outstanding discovery requests not later than March 31, 2006, and for defendants to analyze those responses and complete any follow-up written discovery not later than July 24, 2006.

of Mr. Burdette on grounds that plaintiff could easily have submitted unsigned answers at a much earlier date to avoid prejudicing defendant's ability to comply with deadlines specified in the March 8 order.

Plaintiffs' counsel represented that both Rick Maynard and James Staley had timely served their responses to defendant's requests. However, counsel acknowledged that plaintiffs Ernest "Steve" Peters and Kara Keibler had not responded to discovery but instead "have indicated .... they do not wish to pursue their claims." Plaintiffs' response further stated that plaintiff Erik Brown "has actually consistently failed to respond to undersigned counsel's requests to assist in responding to the discovery."

Finally, counsel explained that plaintiff Donald Wireman died on July 31, 2005- nearly a year ago and just two days after counsel was served with the discovery requests. No person had ever applied to be appointed Administrator of Wireman's estate. Plaintiffs' counsel therefore sought an extension of time in which to have plaintiff's widow appointed as personal representative and substituted as party plaintiff, with additional time to gather information responsive to the discovery requests. DuPont urged dismissal of Wireman, noting that plaintiff's counsel had filed no notice of the death and had provided no reason for the failure to appoint an administrator following Mr. Wireman's death.

On June 27, 2006 the court directed plaintiff's counsel to move to voluntarily dismiss plaintiffs Ernest "Steve" Peters and Kara Keibler, warning that if counsel did not file a motion within fifteen days the court would "recommend dismissal with prejudice pursuant to defendant's motion and Rule 41(b) for failure to prosecute." Similarly, the court warned that it would recommend the dismissal of Erik Brown in light of his failure to cooperate with counsel during discovery, "unless Mr. Brown serves

2

complete responses and **shows cause** in writing for his failure to prosecute his claims within fifteen (15)

days of the date of this order." The court directed plaintiff John Burdette to "**show cause** in writing

within fifteen (15) days as to why he should not be required to pay as a sanction for his tardy responses

the defendant's expenses in filing the motion to dismiss him. *See* Rule 37, Fed. R. Civ. P." The court

denied plaintiff Wireman's motion for an extension of time in which to have an Administrator appointed

to respond to defendant's outstanding requests "without prejudice to renew should plaintiff make a

stronger showing of cause within fifteen (15) days of the date of this order as to the reason for the

lengthy delay in appointing an administrator and/or seeking an extension of time in which to respond to

defendant's requests."

      To the extent the plaintiffs served belated responses and showed good cause to avoid dismissal,

the court cautioned those plaintiffs:

> that the court may impose a monetary sanction against them under Rule 37 in the
> amount of defendant's expenses in litigating the motion to dismiss. The court may also
> re-examine imposing a *Lone Pine* order as to those plaintiffs. The court will
> recommend dismissal of the claims of any plaintiffs directed to provide responses or
> show cause who fail to do so.

The fifteen day period provided for plaintiffs to respond to the court's "show cause" order, for counsel

to move to dismiss certain plaintiffs, and for counsel to renew his motion to extend time to appoint an

administrator for plaintiff Wireman has now elapsed. Only two plaintiffs, Erik Brown[2] and John

Burdette, have responded to the court's order. Plaintiffs' counsel has failed to move to dismiss those

---

[2]Plaintiff's response uses the spelling "Eric Brown" although the spelling of the first name is
"Erik" on the complaint. Plaintiff's affidavit uses the typed spelling "Eric" but appears to be signed
"Erik."

plaintiffs who no longer wish to prosecute their claims and has failed to renew his motion concerning plaintiff Wireman.

Mr. Brown, the plaintiff who counsel described as having "consistently failed to respond to undersigned counsel's requests to assist in responding to the discovery," explains in an affidavit that he was "discouraged" that he would not be able to fully respond to the requests and therefore provided no responses.  He states that he did not initially comprehend that his counsel would assist him in completing his responses.  Counsel affirms that his client "obviously misunderstood" his need to respond to discovery, notwithstanding counsel's "two or three" letters concerning the issue.  Counsel states that plaintiff "promptly" met with counsel once he understood his obligation (after this court's June 27 order) and completed responses were served on defendant on July 11, 2006.

Plaintiff's counsel complains that defendant made only a "cursory" attempt to resolve this dispute extrajudicially, and argues that his case should not be dismissed given that his responses were supplied "only 24 days beyond the due date."  Plaintiff's reference to "24 days" is puzzling given that defendant served its requests on December 14, 2005, triggering a thirty-day response time.  Plaintiff's responses were nearly six months beyond the time allotted by the Federal Rules of Civil Procedure, and more than three months past the court's subsequent deadline of March 31, 2006.  Nevertheless, the court recognizes that dismissal is a harsh sanction and therefore will not dismiss Mr. Brown's claims at this time.

Likewise, the court will not dismiss Mr. Burdette's claims despite shortcomings in his response to the court's show cause order.  Mr. Burdette and his counsel explain that discovery responses were delayed due to Mr. Burdette's serious illness, which resulted in fatigue so severe that the plaintiff would

sleep for 16-18 hours following physical therapy sessions conducted three times per week. Plaintiff further states in his responsive affidavit that his driver's license expired in November 2005, so that traveling to counsel's office to sign the responses was "an almost impossible task."

The discovery requests were served on August 29, 2005, making Mr. Burdette's responses due not later than September 29, 2005 under the civil rules. When defense counsel complained of overdue responses at the March 8 hearing, the court imposed a new deadline of March 31, 2006. Although the court sympathizes with the explanation of illness, neither counsel nor plaintiff fully explain why it took until April 25, 2006 even to serve unsigned responses, or why signed responses could not have been executed by plaintiff at his home and mailed in light of plaintiff's difficulty in traveling to counsel's office. Nevertheless, in light of plaintiff's delayed responses and good faith attempt to respond to this court's show cause order, dismissal would be an inappropriately harsh sanction. Instead, the court will order defendant to file an accounting of its expenses incurred in filing the initial motion to dismiss, in order to determine an appropriate monetary sanction to be imposed against plaintiffs for their unjustified delay.

By contrast, dismissal is an appropriate sanction for the claims of Kara Keibler, Ernest "Steve" Peters, and Donald Wireman. Counsel has previously acknowledged that Keibler and Peters should be dismissed because they no longer wish to prosecute their claims. Counsel has chosen not to voluntarily dismiss the claims of those plaintiffs within the time allotted by this court; therefore, they should be involuntarily dismissed with prejudice. Counsel also has declined to make any showing of counsel's failure to seek to appoint an administrator immediately following plaintiff Wireman's death nearly a year ago, or at the very least, to notify defendant of the death and raise the issue at or

5

immediately following the March 8, 2006 conference.  As no good cause would appear to exist for this failure and plaintiff has not timely sought to substitute an Administrator to prosecute the claim, plaintiff Wireman's claim should also be dismissed.

Accordingly, **IT IS ORDERED THAT:**

1.  In light of plaintiffs Burdette and Brown's demonstration of adequate cause to avoid dismissal as a sanction for their failure to comply with the court's previous order, the claims of those plaintiffs shall not be dismissed;

2.  Within ten (10) days from the date of entry of this order, defendant, by counsel, shall file of record herein, an itemization of its reasonable expenses incurred in drafting the original motion to dismiss or for sanctions.  Said statement of expenses shall include all time of counsel expended in securing this order, reasonably identified by date, particular task performed, amount of time expended, and the usual hourly rate of the counsel performing each such itemized task.  Within ten (10) days of service of defendant's itemized accounting, plaintiff may file any objection to that accounting;

3.  The court will review the defendant's itemization of expenses and will impose an appropriate monetary sanction at the conclusion of this litigation;

4.  Pursuant to the court's March 8 order:

[A]n additional status conference in both the 1994 and 2005 cases will be conducted telephonically on **Friday, July 28, 2006 at 11:00 a.m.**, to be initiated by the court. **Unless notice is provided to the court that additional counsel wish to participate, only those counsel who appeared at [the March 7, 2006] status conference will be telephonically contacted by the conference call operator to participate in the July 28 conference.** The purpose of the status conference will be to set additional deadlines for the conclusion of all fact and expert discovery, and to set limits as needed on the timing, scope, and number of depositions.

6

**If new counsel have entered an appearance in any of the referenced cases who were not present at the March 7, they must notify the court if they wish to participate in the July 28 conference call**;

5.   Whenever a motion or pleading pertains to a discovery or pretrial matter which concerns all cases (either the 1995 or the 2004 litigation), the parties should continue to file that pleading in the respective lead case (Civil Case No. 04-191-DLB or 04-229-DLB) using the appropriate consolidated caption.  However, to the extent that a pleading pertains **solely** to a specific case, the parties may file that specific pleading in the case to which it pertains.

6.   The claims of plaintiffs Kiebler, Peters and Wireman are addressed by Report and Recommendation filed herewith.

This 18[h] day of July, 2006.

Signed By:

*J. Gregory Wehrman*

United States Magistrate Judge